IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Leo McClam, | ) | C/A No.: 1:15-1190-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Mr. Sam Farier, charge nurse, et. al.; | ) | REPORT AND RECOMMENDATION |
| Mr. NFN Cross, Doctor; Mr. NFN | ) | |
| Livingston, Officer; and Kia Wilson, | ) | |
| Attorney for Horry County; each | ) | |
| defendant sued in his/her personal and | ) | |
| individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

     Leo McClam ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. Plaintiff sues charge nurse Sam Farier, Dr. Cross, Officer Livingston, and Horry County Attorney Kia Wilson ("Defendants").[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

---

[1] It appears that Plaintiff has been civilly-committed to the custody of the South Carolina Department of Mental Health ("SCDMH"). The address he provided to the court is the same as the administrative office for the sexually violent predators treatment program of the SCDMH.

I.    Factual and Procedural Background

Plaintiff has previously filed an action in this court alleging false detainment, false arrest, and forced administration of medication. *McClam v. Livingston*, C/A No. 3:15-362-TLW-SVH ("*McClam I*").[2] As in his previous case, Plaintiff alleges that Horry County charged him with "failure to register." [ECF No. 1 at 3]. Plaintiff states that Richland County also charged him with failure to register and argues this constitutes double jeopardy. *Id.* Plaintiff contends that Richland County "is forcing medical injections on [him]" and that it is against the law to force psychotropic medication on a person. Plaintiff seeks monetary damages and declaratory and injunctive relief. *Id.* at 5.

II.    Discussion

A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31

---

[2] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that the most frequent use of judicial notice is in noticing the content of court records); *Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949).

(1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

1.    Insufficient Factual Allegations

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true

3

the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Plaintiff's complaint does not contain any factual allegations of specific wrongdoing attributable to any of the Defendants. Accordingly, this case is subject to summary dismissal.

Additionally, to the extent Plaintiff alleges a violation of the double jeopardy clause, his claim fails because involuntary civil commitment does not violate the double jeopardy clause. *See In re Matthews*, 550 S.E.2d 311, 316 (S.C. 2001) (holding South Carolina's Sexually Violent Predator Act, which provides the process for involuntary civil commitments of sexually violent predators, does not violate the Double Jeopardy Clause of the Constitution because it does not constitute punishment). Therefore, Plaintiff has not been punished in violation of the double jeopardy clause.

### 2.    Duplicate Claim

Plaintiff's allegation that he is being forcibly medicated is being addressed by this court in his pending § 1983 action. *See McClam I.* Accordingly the instant forced-medication claim should be summarily dismissed in the interests of judicial economy and efficiency. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.").

### III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

March 25, 2015                                    Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).